## POLLEYS *vs.* SMITH.

The plaintiff recovered judgment in the Court of Common Pleas for nearly $200. The defendant appealed, and in this Court the plaintiff recovered $37 only. *Held* that this case, in regard to the question of costs, was not embraced in the special provisions of the act of *March* 4, 1829; but that the plaintiff was entitled to his costs after the appeal, under the general provisions of the act of 1821, *ch.* 59, he being "*the prevailing party.*"

THIS case is fully stated in the opinion of the Court, which was delivered by

MELLEN C. J. — This is an action of assumpsit. In the Court of Common Pleas the plaintiff recovered judgment for nearly $200. The defendant appealed: and on trial in this Court the plaintiff recovered judgment for about $37. Each party moves for costs since the appeal. By the 4th section of the act of *February* 4th, 1822, *ch.* 193, it is, among other things, provided that in case of appeal in all personal actions, except trespass *quare clausum fregit* and actions of replevin, wherein the value of the property replevied shall by the finding of the jury exceed one hundred dollars, if made " by the plaintiff, and " he shall not recover more than one hundred dollars debt or " damage, he shall not recover *any* costs after such appeal; but " the defendant shall recover *his* costs, on such appeal, against " the plaintiff, and shall have a separate judgment therefor; " and in case such appeal was made by the defendant, and the " debt or damages recovered in the Court of Common Pleas " shall *not be reduced,* the plaintiff shall be entitled to recover " *double* costs on the appeal." This provision being found unsatisfactory in its operation, was repealed by the act of *March* 8th, 1826, *ch.* 347, the 4th section of which provides, that in case of appeal, in any action, originally commenced in the Court of Common Pleas, if made by the plaintiff, and if on the final judgment " he shall not recover greater debt or damage than " were rendered for him in the Court of Common Pleas, the " defendant shall recover against him such costs as may arise " after the appeal, and shall have his execution for the same ac- " cordingly. And if the defendant shall appeal, and the debt

" or damage recovered by the plaintiff in the Court of Common
" Pleas *shall be* reduced, he shall recover his costs, which costs
" may arise after the appeal." The above provision was soon
found to be unsatisfactory and the same was repealed by the
act of *March* 4th, 1829, the first section of which enacts " that
" in any personal action, except actions of trespass *quare clau-*
" *sum fregit* and replevin, when the appeal shall be made by
" the plaintiff, and he shall not recover more than one hundred
" dollars as damages, he shall not recover any costs after such
" appeal, but the defendant shall recover *his* costs after such
" appeal, and shall have a separate judgment therefor. And in
" case such appeal be made by the defendant, and the damages
" recovered in the Court of Common Pleas shall *not be* reduced
" the plaintiff shall recover his costs after such appeal, and an
" additional sum equal to twenty-five per cent. on the amount
" of such cost." Thus it is perceived that the 4th section of
the act of 1826, which is now repealed, allowed costs to the
defendant, after the appeal, when the damages were reduced;
yet such repeal and the omission of such a provision in the act
of 1829, shows plainly that it was intended that in such case the
defendant should not recover costs. But it is contended that
under the general provision in the act of 1821, that the *prevail-*
*ing party* shall recover costs, the defendant has a right to costs
since the appeal; that as to the cause *since the appeal,* he is
the *prevailing* party. This construction cannot be admitted.
As well might a defendant who, in the Court of Common Pleas,
has reduced the amount recovered before a Justice of the Peace,
claim the benefit of the general provision, and the allowance of
costs, after the appeal, as the prevailing party, yet such a taxa-
tion was never known. We are satisfied that the *defendant,*
therefore, in the present case, cannot have judgment for *his*
costs since the appeal. The remaining inquiry is, whether the
*plaintiff* is entitled to *his* costs since the appeal. On this point
the last act is silent. It provides, in terms, only for the case
where the damages are *not* reduced on trial in this Court. In
the present case they *are* reduced, and, of course, the plaintiff
cannot have any claim for the penalty of *twenty-five per cent·*
beforementioned. Can he tax his simple costs since the appeal?

Smith & al. v. Hubbs.

Upon *general* principles he is the *prevailing party*, although his damages have been lessened on the appeal, and as no *special* provision has been enacted, controlling the general principle, in such a case as the present, we are not at liberty to deprive the plaintiff of the benefit of it. The *special* provisions in the acts of *Massachusetts*, were repealed by our statute of 1822 before mentioned; and none exist in this State, but those we have quoted. The *general* provision therefore is in full force, and the plaintiff, as the prevailing party, is entitled to his costs, as well *since* as *before* the appeal.

*Judgment accordingly.*